LUTHER B. HUNT, *administrator, de bonis non, of* ALBERT G. PAYNE *v.* LUCY PAYNE AND MAHALA PAYNE.

*Scire facias by administrator.*

The *scire facias* which, by section 16 of chapter 50 of the Compiled Statutes, an administrator appointed in the place of a former executor or administrator is authorized to sue out upon a judgment recovered in the name of such former executor or administrator, may be sued out and an execution obtained in the name of the administrator *de bonis non,* his representative capacity as such being stated.

SCIRE FACIAS. The writ was as follows:

"Whereas, Aaron H. Payne, late executor of the last will and testament of Albert G. Payne, late of Fairfield, said county, deceased, by consideration of the county court, holden at St. Albans, within and for the county of Franklin, on the 2d Tuesday of April, 1846, recovered a judgment against Lucy Payne and Mahala Payne, both of Fairfield aforesaid, in an action of ejectment for the quiet and peaceable possession of the premises described in said declaration of the plaintiff against the defendants, for the sum of three hundred dollars damages, and the sum of seventy-seven dollars and thirteen cents cost of suit in that behalf expended whereof the said Lucy and Mahala is convicted as appears of record, and although judgment thereof be rendered, yet the execution of said damages and cost doth yet remain to be made, and the said Aaron Payne having been removed and discharged as executor of the said Albert G. Payne, and Luther B. Hunt, of St. Albans, in said county, has been appointed administrator *de bonis non* of the estate of the said Albert G. Payne, as by his letters of administration ready to be produced in court, will appear. And the said Luther B. Hunt, administrator *de bonis non,* having made application for a remedy to be provided in that behalf.

"Now, to the end that justice be done, you are hereby commanded that you make known to the said Lucy and Mahala that they be before the county court, next to be holden at St. Albans, within and for the county of Franklin, on the 2d Tuesday of June, 1852, to show cause, if any they have, wherefore the said Luther B., administrator *de bonis non* as aforesaid, ought not to have execution against them, the said Lucy and Mahala Payne, for the

damages and cost aforesaid, with the interest thereon due, and further to do and receive that which the said court shall consider," &c.

To this writ the defendants demurred, specially assigning for cause " that the said declaration sets forth a judgment obtained by Aaron Payne, executor of the last will and testament of Albert G. Payne against the defendants, and these defendants are summoned to show cause why Luther B. Hunt, administrator *de bonis non* with the will annexed of the said Albert G. Payne, ought not to have execution against said defendants on said judgment; and these defendants say that such administrator *de bonis non* is not entitled to have execution upon a judgment rendered in the name of Aaron Payne, late executor of the last will and testament of Albert G. Payne."

The county court, December Term, 1856,— PIERPOINT, J., presiding,— rendered judgment that the declaration was insufficient, to which the plaintiff excepted.

*H. R. Beardsley* and *G. G. Hunt,* for the plaintiff.

*Aldis & Burt,* for the defendants.

This suit should have been brought in the name of the administrator in whose name the judgment was recovered.

The statute is not intended to authorise the new administrator to sue in his own name, but to give him the right to sue and to control the judgment.   Otherwise the harmony of the law is disturbed, and the connection on the records between judgment and execution is broken; *Adams* v. *Campbell,* 4 Vt. 447.

The opinion of the court was delivered by

ISHAM, J.   The Comp. Stat. 338, sec. 16, seems to be very decisive upon the question which has been raised on this demurrer. It expressly provides that " an administrator, appointed in the place of any former executor or administrator for the purpose of administering the estate not already administered, *may sue out a scire facias,* and have execution on any judgment recovered in the name of such former executor or administrator."   The demurrer in this case admits that the judgment was recovered in the name of the former executor as stated in the declaration; that it is still

13

due and unpaid ; that the former executor has been removed and the plaintiff appointed administrator *de bonis non* in his place, and that this *scire facias* is now prosecuted to enforce payment of that judgment for the benefit of the estate.   It is difficult to conceive a case more directly within the letter or spirit of the act.   An administrator thus appointed has the same power and the same legal interest and title to the property and assets of the estate, which the former executor had, and to the same extent he may sue for and recover the same in his representative capacity.   The judgment on which this *scire facias* is brought is assets belonging to the estate, and when recovered it is to be accounted for as such.   It was clearly the intention of the legislature in the passage of that act to give the administrator *de bonis non* the right to prosecute the claim *in his own name and representative capacity,* in the same manner as he would sue for any other property which belonged to and was a part of the assets of the estate, and which remained unadministered by the former executor.   The object of this *scire facias* is to enable the plaintiff, as the legal representative of that estate, to obtain an execution on that judgment in his own name as administrator.   The statute authorizes that to be done, and it is by prosecuting this *scire facias* in this manner, that such an execution can be obtained.

The judgment must be reversed and judgment rendered for the plaintiff.